SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
PAUL S. MALINGAGIO, SBN. 90451
ALAN M. FELD, SBN 155345
SHADI FARZAN, SBN 301610
ALEXANDRIA G. LATTNER SBN. 314855
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071
Telephone:    213.620.1780
Facsimile:    213.620.1398
Email:    pmalingagio@sheppardmullin.com
    afeld@sheppardmullin.com
    sfarzan@sheppardmullin.com
    alattner@sheppardmullin.com

MICHAEL M. LAUTER, SBN 246048
JEANNIE KIM, SBN 270713
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
Email:    mlauter@sheppardmullin.com
    jekim@sheppardmullin.com

Proposed Attorneys for Debtor and
Debtor in Possession
BUCKINGHAM HEIGHTS BUSINESS PARK
(a California Limited Partnership)

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>BUCKINGHAM HEIGHTS BUSINESS PARK (A CALIFORNIA LIMITED PARTNERSHIP),<br><br>Debtor. | Case No. 2:21-bk-17060-BB<br><br>Chapter 11<br><br>**DEBTOR'S MOTION FOR AN ORDER SETTING BAR DATES TO FILE PROOFS OF CLAIM**<br><br>*[No Additional Notice or Hearing Required Under Local Bankruptcy Rule 9013-1(q)]* |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY**

**JUDGE, AND CERTAIN PARTIES IN INTEREST:**

The above-captioned debtor and debtor in possession (the "Debtor") hereby moves the

Court (the "Motion") for entry of an order pursuant to sections 105(a) and 501 of title 11 of the

United States Code (the "Bankruptcy Code"),[1] Rules 2002, 3002 and 3003 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3001-1 and 9013-1(q) of the Local

Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California

---

[1] Unless otherwise indicated, all section references in this Motion shall be to the Bankruptcy Code.

-1-

1  ("LBR") for an order establishing deadlines to file proofs of claim and approving related notice

2  procedures.

3        To better evaluate its liabilities and formulate a strategy for exit from chapter 11, the

4  Debtor must be able to estimate the total amount of claims that will be asserted and allowed

5  against its estate.  Because some creditors will undoubtedly assert claims against the estate in

6  amounts different than those set forth in the Debtor's Schedules of Assets and Liabilities

7  ("Schedules"), and some will assert claims as to which the Debtor is currently unaware,

8  establishing a deadline for the filing of claims is essential to this process.  Once the Debtor

9  establishes the universe of claims asserted against its estate, the Debtor will be better able to

10  evaluate its options.

11        In order to achieve that goal, the Debtor requests that the Court establish the below-

12  described deadlines for the filing of proofs of claim in its bankruptcy case.  The Debtor submits

13  that the relief requested in this Motion is appropriate and necessary under the circumstances.

14        This Motion is based on the discussion below, all relevant papers of record in this case,

15  and such further pleadings and evidence as may be filed in connection with this Motion.

16  **I.**

17  **BACKGROUND**

18        The Debtor filed its voluntary petition for relief under the Bankruptcy Code on September

19  8, 2021 (the "Petition Date").  The Debtor remains in possession of its assets and business in

20  accordance with Bankruptcy Code sections 1107 and 1108.  As of the date of this Motion, no

21  official committee of unsecured creditors has been appointed in this case.  The Debtor filed its

22  Schedules on September 22, 2021.  The Debtor's first meeting of creditors under section 341(a) of

23  the Bankruptcy Code is set for October 12, 2021.

24  **II.**

25  **RELIEF REQUESTED**

26        To facilitate the administration of this chapter 11 case, and in accordance with Bankruptcy

27  Rules 3002, 3003(c) and 5005(a)(1), the Debtor requests that the Court enter an order establishing

28  deadlines for the filing of proofs of claim in the Debtor's case.

-2-

**A.**     The Proposed Deadlines

The Debtor proposes the following deadlines for the filing of proofs of claim in the case:

a.     Except as otherwise expressly provided in this Motion, the Debtor seeks an order establishing November 12, 2021[2] or a date that is 45 days from the date of the service of the mandatory Court-approved form "F 3003-1.NOTICE.BARDATE" (the "Bar Date Notice"), whichever is later (the "General Bar Date"), as the deadline for all Persons and Entities asserting a claim ("Claim") against the Debtor, including such parties claiming administrative expense Claims pursuant to section 503(b)(9) on account of goods received by the Debtor in the ordinary course of business during the twenty (20) days prior to the Petition Date, to file proofs of claim or interest in this case. The General Bar Date does not apply to any entity that is a Governmental Unit.[3]

b.     In accordance with LBR 3001-1, the Debtor seeks an order establishing the following exceptions to the General Bar Date:

(1)     For a holder of a Claim against the Debtor arising from the rejection of an executory contract or an unexpired lease (an "Agreement") pursuant to Bankruptcy Code section 365, the last day to file a proof of claim will be on the later of: (a) the General Bar Date, or (b) the date provided in any order authorizing the Debtor to reject the Agreement, or if no date is provided, then 30 days after the date of entry of any order authorizing the rejection, whichever is later (the "Rejection Bar Date").

(2)     For Claims of Governmental Units, as that term is defined in Bankruptcy Code section 101(27), proofs of claim will be timely filed if filed: (a) before 180 days after the date of the Order for relief in the Debtor's case; or (b) General Bar Date, whichever is later (the "Governmental Unit Bar Date").

---

[2] NTD: This date is 65 days from the Petition Date and 51 days from the filing of the Bar Date Motion (9/22/21).

[3] In this Motion, the terms "Persons," "Entity," and "Governmental Unit" have the meanings given to such terms in the Bankruptcy Code.

    (3) For Claims arising from the avoidance of a transfer under chapter 5 of the Bankruptcy Code, the last day to file a proof of claim will be: (a) 30 days after the entry of judgment avoiding the transfer; or (b) the General Bar Date, whichever is later (the "<u>Avoidance Bar Date</u>").

  c. To the extent a schedule amendment reduces the liquidated amount of a scheduled Claim or reclassifies a claim that was scheduled as undisputed, liquidated, and non-contingent claim as disputed, unliquidated, and/or contingent, then—solely with respect to the Claim that was subject to the schedule amendment and only to the extent its proof of claim does not exceed the amount in which its Claim was scheduled before the amendment—the affected claimant may timely file a proof of claim on or before the later of the following two dates: (a) the first business day that is 30 calendar days after the mailing of the notice of the schedule amendment, or (b) the General Bar Date, whichever is later (the "<u>Schedule Amendment Bar Date</u>").

The Debtor submits that the General Bar Date, Rejection Bar Date, Governmental Unit Bar Date, the Avoidance Bar Date, and the Schedule Amendment Bar Date (collectively, the "<u>Bar Dates</u>") are appropriate in this case. The deadlines contemplated in this Motion are necessary in order to prevent delay in the administration of the Debtor's chapter 11 case, to enable the Debtor to establish an orderly process for the determination of Claims against its estate, and to facilitate the formulation of a strategy for exit from chapter 11.

**B.** <u>Exclusions from Bar Dates</u>

The Debtor proposes that, at present, proofs of claim do not need to be filed by any Person or Governmental Unit holding or wishing to assert a Claim against the Debtor of the types set forth in clauses (a) through (i) below:

  a. Any holder of a Claim that has already filed a proof of claim against the Debtor with the Clerk of the United States Bankruptcy Court for the Central District of California, utilizing a claim form that substantially conforms to Official Form No. 10;

  b. Any holder of a Claim whose Claim is listed on the Schedules, provided that (i) the Claim is not scheduled as "disputed," "contingent," or "unliquidated"; and

(ii) the claimant does not disagree with the amount, nature or priority of the Claim as set forth in the Schedules;

    c.    Any holder of a Claim that heretofore has been allowed by order of this Court;

    d.    Any holder of a Claim whose Claim has been paid in full;

    e.    Any holder of a Claim for which specific deadlines have previously been fixed by this Court;

    f.    Any holder of a Claim for administrative expenses allowable under sections 330(a), 331, or 503(b) of the Bankruptcy Code (unless such claim is pursuant to section 503(b )(9) on account of goods received by the Debtor in ordinary course of business during the twenty (20) days prior to the Petition Date, which is subject to the General Bar Date as described above);

    g.    Any Person or Governmental Unit that has a Claim against a non-debtor affiliate of the Debtor, but not against the Debtor; and

    h.    A holder of a Claim for principal, interest and applicable fees and charges on a bond, note or debenture, provided that (i) any Indenture Trustee (as defined in section 101(29) of the Bankruptcy Code) for such instrument files a proof of claim on or prior to the General Bar Date (or Governmental Unit Bar Date, as the case may be), and (ii) to the extent a holder wishes to file a proof of claim for damages in connection with its ownership, purchase or sale of the applicable instrument, such holder must itself file a proof of claim related to such damages on or prior the General Bar Date (or Governmental Unit Bar Date, as the case may be).

In addition to the foregoing, the Debtor proposes that holders of an equity interest in the Debtor need not file proofs of interest with respect to the ownership of such equity interest at this time; <u>provided however</u>, if such equity holder asserts a Claim against the Debtor, including a Claim relating to such equity interest or the purchase or sale of such interest, a proof of such Claim must be filed on or prior to the General Bar Date (or Governmental Unit Bar Date, as the case may be).

## III.

## DISCUSSION

**A.    The Court Has Authority to Set Bar Dates**

The authority to set the General Bar Date and the Governmental Unit Bar Date is set forth in both the Bankruptcy Rules and the LBR of this Court.

Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim must be filed in a chapter 11 case pursuant to section 501. *See* Fed. R. Bankr. P. 3003(c)(3) ("The court shall fix and for cause may extend the time within which proofs of claim or interest may be filed."); *see also In re Prestige Ltd. P'ship-Concord*, 234 F.3d 1108, 118 (9th Cir. 2000) (stating that Bankruptcy Rule 3003(c)(3) requires the bankruptcy court to fix the time within which a proof of claim may be filed; *In re Wireless Data, Inc.*, 547 F.3d 484, 492 (2d Cir. 2007) (stating that the Bankruptcy Rules permit bankruptcy courts to establish bar dates by which proofs of claim must be filed or thereafter forfeited).

As such, it is within the Court's power to enter an order setting the deadlines requested in this Motion for the filing of proofs of claim in the Debtor's case.

**B.    The Need to Establish Bar Dates**

The circumstances here justify the prompt fixing of deadlines for the filing of proofs of claims. In order to administer the case and move it toward formulating an appropriate strategy to exit chapter 11, it is critical for the Debtor to obtain complete information regarding the nature, amount and status of the potential claims against the estate. The Bar Dates requested in this Motion help accomplish this goal by providing clear timelines for the claimants to assert their Claims and afford them an opportunity to dispute, if necessary, any scheduled claims. *See In re Intelligent Med. Imaging Inc.*, 262 B.R. 142, 145 (Bankr. S.D. Fla. 2001) (explaining "[a] claims bar date in a chapter 11 case serves an important function of promoting efficient and expeditious administration of the case."). The relief requested in this Motion will help the Debtor structure an appropriate exit from chapter 11, facilitate the accuracy of the balloting that will take place in connection with that a chapter 11 plan and the relevant disclosure statement, and aid in the administration of such plan. As such, the Bar Dates are an important component of the

administration process in this case.

**C.**    **The Proposed Bar Dates Are Appropriate**

To further the administration of the estate, the Debtor is seeking to set the Bar Dates described in this Motion, which provide claimants with sufficient time to assert their Claims or contest, if necessary, any scheduled Claims.

Bankruptcy Rule 2002 requires a minimum of 21 days' notice by mail of "the time fixed for filing proofs of claim . . .." *Id.* at 2002(a)(7). The Bar Dates requested in this Motion strike the right balance between providing claimants with ample opportunity in light of this statutory minimum period to file their Claims, on one hand, and expediting the administration of this bankruptcy case, on the other hand.

With respect to the notice period associated with the General Bar Date requested in this Motion, that period will provide creditors with ample time to assert their Claims. If the proposed General Bar Date is approved, creditors will have at least 45 days from the date of mailing the Bar Date Notice within which to file their proofs of claim. The Debtor submits that this period is adequate for creditors to assert their claims in this case.

In addition, the Debtor seeks an order from this Court establishing several exceptions to the General Bar Date. First, the Debtor seeks an Avoidance Bar Date, Rejection Bar Date and Governmental Bar Date. These Bar Dates are requested in accordance with the language of LBR 3001-1.

Second, the Debtor seeks a Schedule Amendment Bar Date to permit creditors to file proofs of claim if their claims are negatively affected by any amendment to the Debtor's Schedules. Generally, after the General Bar Date, Rejection Bar Date, Governmental Unit Bar Date, and the Avoidance Bar Date, as applicable, a creditor may not amend a Claim deemed filed on its behalf under Bankruptcy Code section 1111(a) by virtue of that Claim having been listed by the Debtor on its Schedules. To permit such amendments would completely undermine the rationale of setting a bar date. However, the Debtor may amend its Schedules as a matter of course at any time before this case is closed, and if it does amend its Schedules, in accordance with Bankruptcy Rule 1009(a), the Debtor will give notice of the amendment to any affected

-7-

1  entity.  If the schedule amendment reduces the liquidated amount of a scheduled Claim or
2  reclassifies a Claim that was scheduled as undisputed, liquidated, and non-contingent Claim as
3  disputed, unliquidated, and/or contingent, then—solely with respect to the Claim that was subject
4  to the schedule amendment and only to the extent its proof of claim does not exceed the amount in
5  which its claim was scheduled before the amendment—the affected claimant may timely file a
6  proof of claim on or before the later of the following two dates: (a) the first business day that is 30
7  calendar days after the mailing of the notice of the schedule amendment, or (b) General Bar Date,
8  whichever is later.  The Debtor contends that this 30-day deadline is reasonable and appropriate
9  and provides claimants with sufficient time to file proofs of claim in the case.
10     The Debtor further contends that no extension of time is warranted if a schedule
11 amendment increases the scheduled amount of an undisputed, liquidated, and non-contingent
12 claim.

## IV.

## **NOTICE OF BAR DATES**

15     Subject to the Court's granting of this Motion, the Debtor intends to use the mandatory
16 Court-approved form "F 3003-1.NOTICE.BARDATE" and give notice to creditors, equity holders
17 and other parties in interest informing them of the Bar Dates.
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## V.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order fixing the time within which proofs of claim may be filed as set forth in this Motion.

Dated: September 22, 2021

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  /s/ *Michael M. Lauter*
MICHAEL M. LAUTER

Proposed Attorneys for Debtor,
Buckingham Heights Business Park (a California Limited Partnership)

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is Four Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109.

A true and correct copy of the foregoing document entitled (*specify*):  **DEBTOR'S MOTION FOR AN ORDER SETTING BAR DATES TO FILE PROOFS OF CLAIM**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 22, 2021  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Bruce Bennett on behalf of Creditor Buckingham Heights Lease LLC
bbennett@jonesday.com

Eryk R Escobar on behalf of U.S. Trustee United States Trustee (LA)
eryk.r.escobar@usdoj.gov

Jeannie Kim on behalf of Debtor Buckingham Heights Business Park (a California Limited Partnership)
jekim@sheppardmullin.com, dgatmen@sheppardmullin.com

Michael M Lauter on behalf of Debtor Buckingham Heights Business Park (a California Limited Partnership)
mlauter@sheppardmullin.com; lsemeraro@sheppardmullin.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 22, 2021 | Dorothy M. Gatmen | /s/ Dorothy M. Gatmen |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                         **F 9013-3.1.PROOF.SERVICE**